J-S20019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                        :
              v.                        :
                                        :
                                        :
                                        :
ANTHONY THOMAS BUONAIUTO III    :
                                        :
          Appellant                     :  No. 166 EDA 2023


Appeal from the PCRA Order Entered December 23, 2022,
in the Court of Common Pleas of Wayne County,
Criminal Division at No(s):  CP-64-CR-0000084-2014.


BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 06, 2023**

Anthony Thomas Buonaiuto, III, appeals *pro se* from the order denying

his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").

42 Pa.C.S.A. §§ 9541-46.  We affirm.

We previously summarized the pertinent facts and partial procedural

history as follows:

> According to the PCRA court, [Buonaiuto] was convicted of
> a sexual offense in Florida in August of 2003.  In 2012, he was
> notified by the Pennsylvania State Police that he was required to
> register under the Sexual Offender Registration and Notification
> Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41.  [Buonaiuto] did
> not do so and, on October 13, 2013, he was charged with failing
> to register with the Pennsylvania State Police, 18 Pa.C.S. §
> 4915(a)(1), and failing to verify his address or be photographed,

_____

[*] Retired Senior Judge assigned to the Superior Court.

18 Pa.C.S. § 4915(a)(2). On September 12, 2014, he pled guilty to the section to the section 4915(a)(1) offense, and the (a)(2) offense was *nolle prossed*. [Buonaiuto] was sentenced on November 6, 2014, to a term of 18 to 120 months' incarceration. He did not file a direct appeal.

On September 1, 2017, [Buonaiuto] filed a *pro se* PCRA petition alleging that his sentence for failing to register was illegal, as SORNA could not be retroactively applied to him under our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) holding that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause , as well as the *ex post facto* clause of Pennsylvania's Constitution). The PCRA court appointed counsel, but [Buonaiuto] filed a petition to proceed *pro se*. Accordingly, the court conducted a *Grazier* hearing and ultimately granted [Buonaiuto's] petition to proceed *pro se*. On January 11, 2019, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Buonaiuto's] petition without a hearing, along with an accompanying opinion. [Buonaiuto] filed a timely, *pro se* response, but on February 6, 2019, the PCRA court entered an order denying his petition.

*Commonwealth v. Buonaiuto*, 222 A.3d 849 (Pa. Super. 2019), non-precedential decision at 1-2 (footnotes and some citation omitted).

Buonaiuto filed a timely, *pro se* appeal in which he claimed that he was entitled to relief because SORNA was unconstitutionally applied to him based on the *Muniz* decision. On October 21, 2019, we affirmed the PCRA court's order denying post-conviction relief because Buonaiuto's PCRA petition was untimely and he could not demonstrate that the *Muniz* decision satisfied an exception to the PCRA's time bar. *Buonaiuto*, non-precedential decision at 6. On April 28, 2020, our Supreme Court denied Buonaiuto's petition for allowance of appeal, *Commonwealth v. Buonaiuto*, 230 A.3d 1011 (Pa. 2020), and on November 16, 2020, the United States Supreme Court denied

his petition for a writ of *certiorari*. ***Buonaiuto v. Pennsylvania***, 141 S.Ct. 854 (2020).

On September 12, 2022, Buonaiuto filed a "Petition to Strike Void Judgment," in which he asserted that he could seek relief outside the PCRA and claimed his case was controlled by our Supreme Court's recent decision in ***Commonwealth v. Santana***, 266 A.3d 538 (Pa. 2021). The court below denied this petition, and Buonaiuto appealed. In accordance with Pa.R.A.P. 1925(a), the PCRA court explained that it did not need to address the merits of the petition "because a petition filed in accordance with the PCRA is the only means for obtaining the relief sought by" Buonaiuto. Statement of Reasons*,* at 2. Before this Court could consider Buonaiuto's appeal, he requested a discontinuance, which we granted on December 12, 2022.[1]

On December 13, 2022, Buonaiuto filed the PCRA petition at issue, his second. In this petition, he asserted that that PCRA's time bar did not apply to his constitutional claim based on the *ab initio* doctrine. By order of court entered December 23, 2022, the PCRA court denied Buonaiuto's petition. This timely appeal followed. Both Buonaiuto and the PCRA court have complied

---

[1] We note that recent Supreme Court precedent would have permitted the PCRA court to consider Buonaiuto's request for relief outside the time restrictions of the PCRA. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 618 (Pa. 2020) (determining that neither the PCRA, nor "any other procedural mechanism," is the exclusive method for challenging sexual offender registration statutes). Here, however, because Buonaiuto withdrew his appeal, we could not rule on the merits of this issue.

with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the PCRA court explained that it dismissed Buonaiuto's petition because it was untimely, and he did not plead or prove a time-bar exception. In addition, the court noted that Buonaiuto previously litigated his claim in his first PCRA petition.

Buonaiuto raises the following issue on appeal:

> Did the [PCRA court] abuse its discretion and commit an error of law when it denied [his] PCRA petition through a failure to apply and abide by controlling Pennsylvania Supreme Court precedent?

Buonaiuto's Brief at 3.

Buonaiuto challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Before addressing Buonaiuto's substantive issue, we must first determine whether the PCRA court correctly concluded that Buonaiuto's second petition was untimely filed, and that Buonaiuto failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Buonaiuto's judgment of sentence became final on December 8, 2014, thirty-two days[2] after this Court affirmed his judgment of sentence and

---

[2] Because the thirtieth day fell on a Saturday, Buonaiuto had until the following Monday to file his petition for allowance of appeal. ***See*** 1 Pa.C.S.A. § 1908.

- 5 -

the time for filing a petition for allowance of appeal to our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Buonaiuto had until December 8. 2015 to file a timely petition. Because Buonaiuto filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Our review of Buonaiuto's petition supports that PCRA court's determination that he has failed to plead, let alone prove, the applicability of any of the PCRA's timeliness exceptions. Instead, he argues that, in light of *Muniz*, *supra*, 18 Pa.C.S.A. section 4915.1(a)(1) of SORNA is void *ab initio*, and that therefore his sentence is illegal without regard to the time restrictions of the PCRA. According to Buonaiuto, a sentence that is void *ab initio* can be addressed at any time and is non-waivable. We disagree.

Buonaiuto's attempt to circumvent the timeliness requirements and the PCRA framework by arguing that PCRA time restrictions cannot apply to sentences that were later deemed unconstitutional because they are "void *ab initio*" actually is contrary to clear **binding** precedent. As we noted, in Buonaiuto's prior appeal from the dismissal of his first PCRA petition:

> [W]e acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017).
>
> However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy

section 9545(b)(1)(iii). **See** [***Commonwealth v. Abdul-Salaam***, 812 A.2d 497 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on **Muniz** to meet that timeliness exception.

[***Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 497 (Pa. 2018)] (emphasis in original; footnote omitted).

As in **Murphy**, [Buonaiuto's] petition is untimely and he cannot demonstrate that **Muniz** satisfies the exception of section 9545(b)(1)(iii). Accordingly, we affirm the order denying his petition.

**Buonaiuto**, **supra**, non-precedential decision at 5-6 (footnote omitted).

To date, our Supreme Court has not ruled that the **Muniz** decision applies retroactively so as to satisfy a time-bar exception. Thus, Buonaiuto's second PCRA petition remains untimely, and this Court, like the PCRA court, has no jurisdiction to consider the merits of his substantive issue. **Derrickson**, **supra**. We therefore affirm the PCRA court's order dismissing Buonaiuto's petition.[3]

_____

[3] Even if we were to address the merits of Buonaiuto's claim outside the PCRA context, we would find it fails. Buonaiuto's reliance upon our Supreme Court's decision in **Santana** is misplaced. At the time Santana committed his sex offense in 1983, Santana was not required to register in Pennsylvania. Here, at the time Buonaiuto committed his sex offense in 2003, he was required to register as a sex offender pursuant to both Pennsylvania and Florida law.

Additionally, we note that "[b]ecause offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law." **Commonwealth v. Smith**, 240 A.3d 654, 657 (Pa. Super. 2020) (citing **Lacombe**, **supra**). In response to the **Muniz** decision, the Pennsylvania legislature enacted SORNA II. **See** 42 Pa.C.S.A. § 9799.51(b)(4). Because Buonaiuto committed his crime in 2003, *(Footnote Continued Next Page)*

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>7/6/2023</u>

---

Buonaiuto is now subject to the registration requirements mandated by Subchapter I of SORNA II. In **Lacombe**, our high court found that the registration requirements of Subchapter I are non-punitive; "a challenge to the requirements mandated by Subchapter I of SORNA II pertains to a collateral consequence of one's criminal sentence and does not fall within the purview of the PCRA." **Smith**, 240 A.3d at 658 (citation omitted). Thus, as he was required to register at the time he committed his offense, there are no *ex post facto* concerns with his sentence.